```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

STEVEN HILL,                        *

         Plaintiff,                 *
                                       Case No. 8:17-cv-03055-PX
v.                                  *

FOOD LION, LLC,                     *

         Defendant.                 *

                                *****
```

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. Proc. 56, Plaintiff, Steven Hill ("Hill"), by his undersigned attorneys, hereby submits the following Memorandum of Points and Authorities in Opposition to the Motion for Summary Judgment filed by Defendant, Food Lion, LLC ("Food Lion").

### I.    INTRODUCTION

This case arises out of an incident which took place at a Food Lion grocery store located in Lusby, Maryland on August 12, 2016. Specifically, Plaintiff was injured when he slipped on liquid which had accumulated on the floor of aisle 8 in the store. On January 23, 2019, Food Lion filed a Motion for Summary Judgment contending that undisputed evidence establishes that Defendant did not have actual or constructive notice that the soapy liquid was on the floor, and that Plaintiff was contributorily negligent. As set forth more fully below, Defendant's arguments ignore applicable law, rely upon disputed facts and, in

certain instances, simply ignore the uncontradicted evidence developed during the course of discovery. Therefore, Defendant is not entitled to judgment in its favor as a matter of law, and the Motion for Summary Judgment should be denied in its entirety.

## II.  UNDISPUTED FACTS

### A. FACTS REGARDING THE ACCIDENT

On August 12, 2016, Hill entered the Food Lion store located at the property known as 210 H G Trueman Road, Lusby, Maryland 20657 for the purpose of purchasing some deodorant. *See* the Deposition of Steven Hill, relevant excerpts of which have been attached hereto as **EXHIBIT A** at 29: 1-3, 10-15. Upon entering the Food Lion grocery store, Hill walked to aisle 8 and picked up four (4) sticks of deodorant from the display shelf and continued down the aisle. *Id.* at 30: 1-5. Moments after Hill obtained the deodorant, he noticed that he had previously purchased two (2) of the deodorant sticks and turned around to return them to the display shelf. *Id.* at 30: 6-8. As Hill proceeded down aisle 8 to return the deodorant sticks, he slipped on a soapy liquid causing him to fall to the ground. *Id.* 30: 6-8, 34: 5-6, 73: 10-22, 74: 1-3.

Surveillance video shows that two employees for Defendant were using tote boxes and shopping carts to stock the shelves on aisle 8 when Hill entered the aisle.[1] Furthermore, the video shows that upon

---

[1] Plaintiff incorporates the surveillance video attached as Exhibit B to Defendant's Motion for Summary Judgment.

entering aisle, Hill was forced to walk around the area where the fall occurred as the shopping cart being used by one of Defendant's employees was situated overtop of the area where the fall occurred. *See* still frame of the surveillance video attached hereto as **EXHIBIT B**. The surveillance video unequivocally supports Hill's position that he did not walk in the exact area where the fall occurred prior to his fall. Moreover, at all times prior to his fall, Hill was walking at a normal pace, looking at the display shelf where the deodorant was stocked, and did not notice the soapy liquid located on the floor of the aisle. **EXHIBIT A** at 31: 1-22, 32: 10-11, 79: 18-22. As a result of the fall, Hill aggravated prior injuries to his cervical and lumbar spine which required four (4) surgeries and months of physical therapy to repair. *See* Dr. Kevin McGovern's independent medical evaluation attached hereto as **EXHIBIT C**.

### B. FACTS REGARDING THE HAZARDOUS CONDITION

At the time of his fall, two Food Lion employees were using tote boxes and shopping carts to stock the shelves on aisle 8. **EXHIBIT A** at 30: 1-3, 31: 6-9. Plaintiff testified that immediately after his fall, he noticed that the soapy liquid was coming out of the tote box the two Food Lion employees were using to stock the shelves. *Id.* at 73: 20-22, 74:1-5. Plaintiff further testified that after the fall he noticed that the puddle of liquid which caused his fall was approximately three-foot by one-foot in size. *Id.* at 80: 2-19. The surveillance video produced

by Defendant, Food Lion, shows that the tote boxes in question were situated in aisle 8 for over one hour prior to Plaintiff's fall. *See* still frame of the surveillance video attached hereto as **EXHIBIT D**. Furthermore, the surveillance video shows that a female employee of Food Lion entered aisle 8 approximately nine (9) minutes prior to Hill's fall, removed merchandise, including soap, shampoo and conditioner, from the tote boxes, and places them into a shopping cart located directly above the tile floor where Plaintiff fell. *See* still frame of the surveillance video attached hereto as **EXHIBIT E**, **EXHIBIT A** at 73: 6-9. Moreover, the male employee had positioned a shopping cart full of merchandise overtop of the area where Plaintiff fell, which he moved approximately ten (10) seconds prior to the fall. At all times Hill was in aisle 8 prior to his fall, the male employee was approximately one foot away from the hazardous condition which caused Hill to fall and never provided any warning to Hill of the presence of the soapy liquid which caused his fall. *See* still frame of the surveillance video attached hereto as **EXHIBIT F**, *see also* Defendant's Answers to Interrogatories attached hereto as **EXHIBIT G**.

### III. LEGAL ARGUMENT

#### A. STANDARD OF REVIEW

Summary judgment is properly granted to the moving party when the court determines that "no reasonable jury could find for the non-moving party on the evidence before it." *Perini Corp. v. Perini Construction*,

*Inc.*, 915 F.2d 121, 124 (4th Cir. 1990), citing, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any inferences from the underlying facts must be drawn in favor of the party opposing the motion, and when such inferences reveal a genuine dispute over a material fact summary judgment must be denied. *Tuck v. Henkel Corp.*, 973 F.2d 371 (4th Cir. 1992). When the nonmoving party makes a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the Motion for Summary Judgment must be denied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. THE FACTS ESTABLISH THAT FOOD LION SHOULD HAVE KNOWN OF THE PRESENCE OF THE SOAPY LIQUID ON THE FLOOR WHICH CAUSED HILL TO FALL

The Court of Appeals of Maryland has adopted the formulation enunciated in the Restatement (Second) of Torts § 343 (1965), which sets forth the general duty that a private landowner, such as a grocery store owner, owes to customers (invitees). *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003). Section 343 reads:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves from it, and

5

>    (c)   fails to exercise reasonable care to protect them from the danger.

Restatement (Second) of Torts § 343 (1965). In its Motion for Summary Judgment, Food Lion claims that there is no evidence to establish that it had actual or constructive notice of the hazardous condition which caused Hill to fall. Food Lion does not dispute that the soapy liquid which caused Hill to slip constituted a dangerous condition, or that its employees were responsible for inspecting and maintain the aisleway where the fall occurred. Therefore, Hill's Opposition will be limited to the issue of whether there is evidence to establish that Food Lion knew or, by exercise of reasonable care should have known, of the dangerous accumulation of the soapy liquid on the floor.

"It is the law in Maryland...that the proprietor of a store owes a duty to [an invitee] to exercise ordinary care to keep the premises in a reasonable safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955). "The customer is entitled to assume that the proprietor will exercise reasonable care to ascertain the condition of the premises, and if he discovers any unsafe condition he will either take such action as will correct the condition and make it reasonably safe or give a warning of the unsafe condition." *Id.* at 117-118. The Court of Appeals holds:

> It is not necessary that there be proof that the [storeowner] had actual knowledge of the conditions creating the peril; it is enough if it appears that it could have discovered them by the exercise of ordinary care, so that if it is shown that the conditions have existed for a time sufficient to permit one, under a duty to know of them, to discover them, had he exercised reasonable care, his failure to discover them may in itself be evidence of negligence sufficient to charge him with knowledge of them.

*Moore v. American Stores Co.*, 169 Md. 541, 550-51 (1936). Whether there has been sufficient time for a business proprietor to discover and cure a dangerous condition is a question of fact to be resolved by the jury. *Rehn v. Westfield Am.*, 153 Md.App. 586, 593, 837 A.2d 981 (2003)(citations omitted).

### 1. EVIDENCE OF CONSTRUCTIVE KNOWLEDGE

The following undisputed evidence creates a jury question as to whether Food Lion had constructive knowledge of the soapy liquid located on the floor of aisle 8 prior to Hill's fall:

- The soapy liquid which caused Plaintiff to fall was coming out of the tote boxes Defendant's employees were using to stock the shelves on aisle 8. **EXHIBIT A** at 73: 20-22, 74:1-5.
- The tote boxes were in the aisle for over one hour prior to Hill's fall. **EXHIBIT D.**
- Prior to, and at the time of the fall, two Food Lion employees were stocking the shelves in aisle 8. **EXHIBIT A** at 30: 1-3, 31: 6-9.
- Approximately nine (9) minutes before the fall, two Food Lion employees were moving merchandise, including soap, shampoo and conditioner, from the tote boxes into shopping carts directly above the area where Hill fell. *Id.* at 73: 6-9, **EXHIBIT E.**

- A male Food Lion employee was approximately one foot away from the area where Plaintiff fell for at least two (2) minutes prior to Plaintiff's fall. **EXHIBIT F.**
- Plaintiff testified that the soapy liquid created a puddle approximately three-feet by one-foot on the floor of the aisle. **EXHIBIT A** at 80: 2-19.
- Food Lion was exclusively responsible for the maintenance, inspection, and cleanup of the aisleway. **EXHIBIT F.**
- Defendant does not contest that the liquid substance constituted a hazardous condition and caused Plaintiff to fall.
- After the fall occurred, the surveillance video shows Defendant's employee cleaning a large portion of the floor in the aisle where Plaintiff fell.

These facts indicate that the soapy liquid which caused Hill to fall originated from a tote box being used by Defendant's employees prior to Hill's fall. **EXHIBIT A** at 73: 20-22, 74:1-5. Video evidence shows that for approximately nine (9) minutes prior to Hill's fall, Defendant's employees were transferring soap, shampoo, and conditioner from the tote boxes into shopping carts which were directly positioned overtop of the area where Plaintiff fell. *Id.* at 73: 6-9, **EXHIBIT E.** Furthermore, two of Defendant's employees were standing in close proximity to the three-foot by one-foot puddle of liquid for approximately nine (9) minutes prior to the fall and failed to address the hazardous condition or warn Hill of the soapy liquid located on the floor. *Id.*, **EXHIBIT A** at 73: 6-9. Therefore, it is for the jury to determine the factual issue of constructive notice. *Rehn v. Westfield Am.*, 153 Md.App. 586, 593 (2003)(citations omitted).

Food Lion contends that there is no evidence suggesting that Defendant had constructive notice of the fall because Plaintiff testified that nobody saw the liquid prior to his fall. In doing so, Defendant mischaracterizes Plaintiff's testimony and fails to address whether Defendant had constructive notice of the hazardous condition. Specifically, Plaintiff testified that he was unaware of anybody noticing the soapy liquid prior to his fall, but also testified that the puddle of liquid was three-foot by one-foot long and was less than a foot away from one of Defendant's employees at the time of his fall. **EXHIBIT A** at 80: 2-19, **EXHIBIT F.** Furthermore, Defendant has failed to present a single witness to support its position that Food Lion was unaware of the hazardous condition prior to Hill's fall.[2]

All of these facts, when applied to the applicable law, create a jury question as to whether Food Lion knew or should have known of the existence of the soapy liquid that caused Hill's fall prior to the fall. Therefore, Food Lion is not entitled to judgment as a matter of law, Defendant's Motion for Summary Judgment should be denied.

### 2. EVIDENCE OF ACTUAL NOTICE

Not only does the evidence establish that Food Lion had at least constructive knowledge of the hazardous condition and that it failed to

---

[2] Food Lion has not produced a single witness or employee to support it position.

warn Hill, the following evidence shows that Food Lion had actual knowledge of the hazard:

- Food Lion's employees were required to inspect the aisle for hazardous conditions. **EXHIBIT F.**
- Video evidence shows that two Food Lion employees were stocking shelves in the area where the Plaintiff fell for approximately nine (9) minutes prior to his fall. **EXHIBIT E.**
- Plaintiff testified that the soapy liquid which caused him to fall was coming from the tote boxes. **EXHIBIT A** at 73: 20-22, 74:1-5.
- Video evidence shows that the two Food Lion employees removed soap, shampoo and conditioner from the tote boxes into the shopping cart directly over the area where Plaintiff fell. *Id.* at 73: 6-9, **EXHIBIT E.**
- Defendant does not dispute that the soapy liquid created a hazardous condition.
- The soapy liquid created a three-foot by one-foot puddle on the floor approximately one foot away from one of Defendant's employees. **EXHIBIT A** at 80: 2-19, **EXHIBIT F.**

These facts would support a jury determination that Food Lion's employees created and had actual knowledge of the puddle of liquid prior to Hill's fall and failed to take any steps to clean the hazard, warn Hill of the hazard, or direct pedestrian traffic away from the area of the floor where the hazard was located. Therefore, the evidence in this case demonstrates that Defendant had both actual and constructive knowledge of the hazardous condition which caused Plaintiff to fall. As such, Defendant's Motion for Summary Judgment should be denied in its entirety.

## A. HILL WAS NOT CONTRIBUTORILY NEGLIGENT

"Contributory negligence connotes a failure to observe ordinary care for one's own safety. 'It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances.'" *Smith v. Warbasse,* (1987)(quoting *Menish v. Polinger Co.,* 277 Md. 553, 559, (1976)). See also *CIGNA Property and Cas. Cos. v. Zeitler,* 126 Md.App. 444, 488, (1999). Contributory negligence "'occurs whenever the injured person acts or fails to act in a manner consistent with the knowledge or appreciation, actual or implied, of the danger or injury that his or her conduct involves.'" *Campbell v. Montgomery County Bd. of Educ.,* 73 Md.App. 54, 64, (1987)(quoting Gilbert, *Maryland Tort Law Handbook,* § 11.4.1), *cert. denied,* 311 Md. 719, (1988). As the Court of Special Appeals explained in *McSlarrow v. Walker,* 56 Md.App. 151, 161, (1983):

> Contributory negligence as a matter of law requires a finding that the negligent act of the plaintiff ... relied upon must be prominent, decisive and one about which ordinary minds would not differ in declaring it to be negligence. *Yockel v. Gerstadt,* 154 Md. 188, 140 A. 40 (1927). The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under similar circumstances; and even if the act done turns out to be an error of judgment, this alone does not make the act negligent if an ordinarily prudent person may have made the same error. *Sanders v. Williams,* 209 Md. 149, 120 A.2d 397 (1955).

Hill cannot be deemed to be contributorily negligent based upon the following evidence:

- Hill fell while walking in the aisle of the store, i.e., an area designated for foot traffic; **EXHIBIT A** at 30: 6-8, 34: 5-6, 73: 10-22, 74: 1-3.

- Hill used reasonable care and was alert to avoid potential hazards; *Id*. at 31: 1-22, 32: 10-11, 79: 18-22.

- Prior to his fall, Hill did not see the soapy liquid; *Id*. at 31: 1-22, 32: 10-11.

- When Hill initially walked passed the area where his fall occurred, the soapy liquid was covered by a shopping cart used by a Food Lion employee. **EXHIBIT B.**

- No warning signs were visibly posted regarding the hazardous accumulation of the soapy liquid on the floor; **EXHIBIT F.**

- No verbal warnings were given to Hill regarding the hazardous accumulation of the soapy liquid on the floor. *Id.*, **EXHIBIT B.**

- The aisle where Hill fell contained numerous display shelves containing merchandise intended to be sold to patrons of Food Lion. **EXHIBIT D.**

The aforementioned evidence demonstrates that Hill exercised reasonable caution as he walked through the Food Lion grocery store and that his actions did not cause his to fall. Moreover, Defendant's argument for contributory negligence was addressed by the Court of Special Appeals of Maryland in *Diffendal v. Kash and Karry Service Corp.*, 74 Md.App. 170 (1988). Specifically, the Court of Special Appeals held that:

> "Additionally, there is evidence that the display and the placing of the impulse items were intended to attract and keep the customer's attention at eye level. When a merchant entices a customer's eyes away from a hazardous condition, we do not think

> he should be heard to complain when his efforts succeed. Likewise, when the designs of the merchant have the desired effect upon a customer, we cannot conclude as a matter of law that the customer was contributorily negligent in not looking down at the floor."

*Id.* at 175-176. Like in *Diffendal,* Defendant placed merchandise on the shelves located in aisle 8 where the hazardous condition which caused Hill to fall was located. **EXHIBIT B, EXHIBIT D, EXHIBIT F**. Furthermore, surveillance video shows that a shopping cart being used by a Food Lion employee to stock the shelves was covering the hazardous condition until just prior to Hill's fall. **EXHIBIT B**. The aforementioned evidence and case law demonstrates that Hill exercised reasonable caution as he walked through the Food Lion grocery store and that he did not engage in any unreasonable conduct which would have caused him to fall. As such, Hill cannot be found contributorily negligent as a matter of law and Defendant's Motion for Summary Judgment should be denied in its entirety.

## IV. CONCLUSION

Based upon the evidence and the applicable legal authorities identified in this Opposition Memorandum of Law, Plaintiff, Steven Hill, respectfully requests that the Court deny the Motion for Summary Judgment filed by Defendant in its entirety.

Respectfully submitted,

/s/
---
Thomas C. Costello (Fed. Bar No. 22978)
Matthew T. Holley (Fed Bar No. 19001)
Costello Law Group
409 Washington Avenue
Suite 410
Towson, Maryland 21204
(410) 832-8800

Attorneys for Plaintiff,
Steven Hill

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this on this 31st day of January, 2019, a copy of the foregoing sent via first-class mail to:

> Stephen J. Marshall (Fed Bar No. 29632)
> Franklin & Prokopik, PC
> The B&O Building
> Two North Charles Street
> Suite 600
> Baltimore, Maryland 21201
>
> Attorney for Defendant,
> Food Lion, LLC

/s/
---
Matthew T. Holley