EXHIBIT

tabbies®   G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN HILL,                          *

     **Plaintiff,**                *

v.                                    *          **Case No.:**   **8:17-CV-03055-GLS**

FOOD LION, LLC,                       *

     **Defendant.**                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT, FOOD LION, LLC'S ANSWERS TO
## PLAINTIFF, STEVEN HILL'S, INTERROGATORIES

Defendant, Food Lion, LLC, by and through its undersigned attorneys, Stephen J. Marshall and

Franklin & Prokopik, hereby submits their Answers to Plaintiff's Interrogatories.

     (a)     The information contained in these answers is being provided in accordance with the

provisions and intent of the rules of civil procedure which require the disclosure of all facts which may

be relevant or may lead to the discovery of relevant information.  Accordingly, the party answering

these interrogatories by providing the information requested, does not waive objections to its admission

in evidence on the grounds of materiality or relevancy or other proper grounds for objections.

     (b)     The information supplied in these answers is not based solely on the knowledge of the

executing party, but includes knowledge of the party, their agents, representatives and attorneys unles

privileged.

     (c)     The word usage, sentence structure and syntax is that of the attorney assisting in the

preparation of these answers, and thus does not purport to be the language of the executing party.

     (d)     These answers to interrogatories furnish knowledge, facts and information presently

available, and, as requested, if subsequent or different information is obtained before trial, these

interrogatories will be supplemented, either formally or informally by communicating the information

to all parties.

Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp., 153 F. Supp. 240, 244 (S.D.N.Y. 1956)

(it is proper to ask only for those with knowledge of relevant facts, not those who help prepare

interrogatory answers); United States v. National Steel Corp., 26 F.R.D. 599, 600 (S.D. Tex.

1960) (same); Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc., 18 F.R.D. 379, 383

(S.D.N.Y., 1956) (same). Subject to and without waiving said objections, these Answers to

Interrogatories were executed on behalf of Food Lion, LLC, by Michelle Young, Litigation

Specialist, Retail Business Services, an Ahold Delhaze Company, P.O. Box 2527, Salisbury, NC

28145, but she has no personal knowledge of the subject occurrence.

2.   State the name and address of the person or entity in exclusive possession and/or control of the Premises on the date of the Occurrence.

ANSWER NO. 2:   Food Lion, LLC was in control of the premises on the date of the Occurrence.

3.   Has Defendant been sued under its correct name? If not, please state the correct name and explain your answer so that service may be promptly obtained.

ANSWER NO. 3:   Food Lion, LLC is the proper corporate name for the Defendant.

4.   State the name and address of each person, including experts, having any knowledge of relevant facts related to the Occurrence, the cause thereof, or the damages resulting therefrom.

ANSWER NO. 4:   This party objects to this Interrogatory on the basis that it is overly

broad, not properly limited in time and scope, and not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving said objections: Jessica

Sknerski, former Food Lion employee, last known address: 25300 Mount Sterling Court,

Mechanicsville, MD 20659; John Carter, former Food Lion assistant store manager, P.O. Box

41, 17433 Mt. Zion Church Road, Saint Inigoes, MD 20684; and Grant Coonley, former Food

Lion employee, last known address: 212 Buckboard Road, Waynesboro, VA 22980.

5.      State the name, address and telephone number of any person who witnessed the Occurrence in question, and/or arrived on the scene within one hour of the Occurrence.

ANSWER NO. 5:      This party objects to this Interrogatory on the basis that it is overly broad, not properly limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see Answer No. 4 above. This party also notes that EMS personnel responded to the scene, and that a female acquaintance of Plaintiff was also at the scene after Plaintiff's fall, but likely did not witness the fall.

6.      Name any person, not heretofore mentioned, having personal knowledge of facts material to any claim or defense in this litigation.

ANSWER NO. 6:      None, other than those mentioned in Answer No. 4.

7.      Name those persons who have given you signed statements concerning the Occurrence.

ANSWER NO. 7:      This party is not aware of any such "signed statements."

8.      If a report was made by you or an employee of yours in the ordinary course of business, state the name, and address of the person who made the report, the date thereof, and in whose custody it is.

ANSWER NO. 8:      Defendant objects to this Interrogatory and refuses to respond to the extent that it seeks information which was prepared in anticipation of litigation and information which is protected by the attorney client privilege and attorney client work product doctrine. Moreover, this party is not required to disclose the mental impressions, conclusions, opinions or legal theories of counsel. Subject to and without waiving said objections, Defendant's attorneys are in possession of a report generated as a result of the subject incident, which was prepared in anticipation of litigation by John Carter, an agent of this party, and is therefore work product pursuant prepared in the anticipation of litigation and not discoverable.

9.      State in detail the condition of the Premises in the area where the Plaintiff fell both immediately prior to and at the time of the Occurrence.

**ANSWER NO. 9**:   Defendant objects to this Interrogatory on the grounds that it is overly broad, vague, not properly limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, this party was not aware of any dangerous condition in the area Plaintiff fell prior to the Plaintiff's fall.  After Plaintiff's fall, a liquid substance was observed on the ground in the area where Plaintiff fell.

10.   State all precautionary measures taken on the date of the Occurrence to provide a safe walkway area on the portion of the Premises where the Plaintiff's fall occurred.

**ANSWER NO. 10**:   Defendant objects to this Interrogatory as it is overly broad, unduly burdensome, not properly or reasonably limited in time and scope and seeks irrelevant information which is not likely to lead to the discovery of admissible evidence in this action. See Briggs v. WMATA, 481 F.3d 839, 848 (D.C. Cir. 2007) (A company's internal policies and/or manuals, alone, are insufficient to establish a standard or care).  Subject to and without waiving these objections, Food Lion employees are trained to contribute to helping to maintain the premises in a reasonably safe condition and therefore, employees are trained to visually inspect the aisles of the store throughout the day and on how to take reasonable steps to warn or correct any potential dangerous conditions as soon as practicable once the employees learn of the condition.

11.   If you contend that the Plaintiff made an admission against interest, state this admission, when and where made, and name all persons who heard it.

**ANSWER NO. 11**:   This party makes no such contention at this time, but reserves its right to amend this answer.

12.   State the date, time and place the Defendant, by any of its agents, servants and/or employees, first received notice of the Occurrence and the names and addresses of the persons from whom said notices were received.

manuals, alone, are insufficient to establish a standard or care).  This party further objects in that

the term "procedures" is not defined.  Subject to and without waiving these objections, Food

Lion employees are trained to contribute to helping to maintain the premises in a reasonably

safe condition and therefore, employees are trained to visually inspect the aisles of the store

throughout the day and on how to take reasonable steps to warn or correct any potential

dangerous conditions as soon as practicable once the employees learn of the condition.

     21.    Identify any warnings, whether verbal or written (such as by a sign, or
otherwise), which were given to the Plaintiff prior to the Occurrence concerning the condition
which Plaintiff claims caused or contributed to the Occurrence.

    **ANSWER NO. 21**:  Defendant objects to this Interrogatory on the grounds that it

attempts to shift the burden of proof and production to the Defendant in this matter.  Defendant

requires strict proof of Plaintiff's claims, and may rely solely upon the Plaintiff's failure of

proof as a defense.  Subject to and without waiving said objections, this party states that it is not

aware of any verbal or written warnings being given to Plaintiff as this party had no notice of a

dangerous condition prior to Plaintiff's fall.

     22.    At the time of Plaintiff's injury, if you contend that any person or entity other
than you and your employees and agents was responsible for the inspection, maintenance,
and/or repair of the area where Plaintiff was injured, state each and every fact on which you
base your contention and identify each and every writing that supports the contention.

    **ANSWER NO. 22**:  This party makes no such contention at this time.

     23.    Describe in detail any conversations you have had with the Plaintiff regarding the
Occurrence.

    **ANSWER NO. 23**:  This party objects to this Interrogatory to the extent that is overly

broad and unduly burdensome to "describe in detail any conversations" between Plaintiff and

Defendant or its agents.  Subject to and without waiving said objection, after Plaintiff fell, Mr.

Carter asked Plaintiff whether he was O.K. and whether he needed assistance.

24.     Please state, in your own words, what caused the Occurrence on August 12, 2016 on the Premises and the basis upon which you have formed that belief.

ANSWER NO. 24:   Defendant objects to this Interrogatory on the grounds that it attempts to shift the burden of proof and production to the Defendant in this matter. Defendant requires strict proof of Plaintiff's claims, and may rely solely upon the Plaintiff's failure of proof as a defense.   This party further objects to this interrogatory as it seeks information which was prepared in anticipation of litigation and information which is protected by the attorney-client privilege and attorney work-product doctrine.   Moreover, this party is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel. Subject to and not waiving said objection, this party understands Plaintiff alleges he slipped and fell on liquid on the floor.   This party states that it was not on notice of the condition prior to the Plaintiff's fall.   This party further contends Plaintiff failed to exercise proper care and attention while walking, which may have caused or contributed to the alleged occurrence.

Respectfully submitted,

Stephen J. Marshall, Esq. (#29632)
Franklin & Prokopik, PC
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland  21201
[t] (410) 230-3612
[f] (410) 752-6868
smarshall@fandpnet.com
*Attorneys for Defendant Food Lion, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _15_ day of June, 2018, a copy of the foregoing

Answer to Interrogatories was served via first-class mail to:

Thomas C. Costello
Matthew T. Holley
Costello Law Group
409 Washington Avenue, Suite 410
Towson, Maryland 21204
*Attorneys for Plaintiff*

Stephen J. Marshall

**Form 2–421.6**
**Answers to Interrogatories**
**Oath (Corporate Verification)**

    I, Michelle Young, am duly authorized by Food Lion, LLC to execute these Answers to Interrogatories under oath on its behalf. The information set forth in these answers was collected by others, and such information is not necessarily within my personal knowledge. However, on behalf of the corporation, I solemnly affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information and belief.

Michelle Young